34228. Green *v.* City of Atlanta.

Gardner, P.J. W. J. Green was charged with, and tried in the Recorder's Court of the City of Atlanta for, a violation of an ordinance of said city, providing that "The driver of a vehicle involved in an accident resulting in injury to or death of any person or property damage to an apparent extent of $25.00 or more, shall immediately by the quickest means of communication, either verbal or written give notice of such accident to the police department if such accident occurs within this

City." City of Atlanta, Code § 88-309. The material evidence was to the effect that the defendant was driving his wife's automobile along Gordon Road, S. W., in said city at about 1:15 a. m. on August 13, 1950, when he ran into some shrubbery along the side of this road and into a utility pole, causing his car to wreck. There was no one in the car with the defendant. The night watchman at the West View Cemetery, which is on the southerly side of Gordon Road at the point where this accident took place, was the first person to reach the scene of the accident, and he testified in effect that when he reached the scene the defendant was in a stupor. Shortly thereafter an automobile going in the same direction out Gordon Road, on which the defendant had been proceeding, came up and the occupants thereof removed the defendant from his automobile into their car and then removed the defendant's automobile to a nearby filling station and left it there. These persons then carried the defendant to the home of his mother-in-law and left him. The damage to the car driven by the defendant amounted to about $300. A few minutes following the accident, the two policemen on this beat discovered the defendant's car and removed it from the filling station to the police station in said city. On the next day the wife of the defendant, being unable to locate her automobile at the filling station where it had been left, reported to the police department that it had been stolen. She proved her ownership of the car to the police department sufficiently for them to return the car to her. The police sent word to the defendant for him to report to the police station. The defendant did so within a week, at which time the instant case was made against him. It does not appear beyond a reasonable doubt that the defendant failed to report this accident within a reasonable time after the same happened. There was no evidence that he had been drinking intoxicants, the night watchman testifying that he did not smell any liquor on the defendant when he discovered him in this car in a stupor. By the defendant's statement, it affirmatively appears that he was blinded by the lights of an approaching car and this caused the accident, that he was injured to the extent of being rendered unconscious, and that he was carried to the home of his mother-in-law. It does not appear that the evidence was sufficient to sustain the defendant's conviction for violating the above provisions of the ordinance of said city. The judge of the Superior Court of Fulton County, therefore, erred in dismissing the petition of the defendant, W. J. Green, for the writ of certiorari, complaining of his conviction in the Recorder's Court of the City of Atlanta.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

DECIDED NOVEMBER 12, 1952.

W. Owen Slate, Chas. W. Bergman, for plaintiff in error.

J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, Henry L. Bowden, contra.